Submitted November 6, 2009, general judgment of dissolution reversed and remanded with instructions to enter a QDRO consistent with this opinion or, if that is not possible, to modify the judgment to award wife an equalizing judgment of $19,240.25; supplemental judgment affirmed November 10, 2010

In the Matter of the Marriage of

Cynthia Richards CLAPP,
*Petitioner-Appellant,*

*and*

David Wayne CLAPP,
*Respondent-Respondent.*

Benton County Circuit Court
0630062; A137905

244 P3d 377

Lorena Reynolds, Beth Crawford, and The Reynolds Law Firm, PC, filed the briefs for appellant.

David Clapp filed the brief *pro se*.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

### ARMSTRONG, J.

Wife appeals a general judgment of dissolution, raising five assignments of error concerning the property division, and a supplemental judgment, raising one assignment of error concerning the trial court's denial of attorney fees. Wife contends that the court erred in its property division by (1) failing to credit her with post-separation payments that she made toward a mortgage on the family home; (2) assigning a loan in husband's name to her; (3) discounting a debt that she owed to her mother; (4) disallowing post-separation finance charges that she had incurred; and (5) awarding husband more than half of the marital estate. We write to address wife's first and fifth assignments of error and reject the remaining assignments without discussion. With respect to the first and fifth assignments of error, we agree with wife and, accordingly, reverse and remand the general judgment.

We review the facts *de novo.* ORS 19.415(3) (2007).[1] The parties had been married 16 years and had two minor children when they separated in January 2006. Shortly thereafter, wife filed for legal separation, eventually pursuing dissolution in September 2006. The court dissolved the marriage in late 2007. Between the parties' separation in January 2006 and the dissolution trial, wife paid $28,143.50 toward the mortgage on the family home, according to our calculations. During that period, husband moved to Oklahoma, eventually enrolling in an alcohol treatment program, and almost completely stopped supporting the family financially, including not making any mortgage payments.

Following the dissolution trial and consideration of the parties' proposed property division, the trial court concluded in the general judgment that, "[w]hile it may seem overly simplistic to award Wife the house, its content[s], and the majority of the debts while awarding Husband his pension, * * * this division of debts and property is the most fair and equitable[.]" In arriving at that conclusion, the court sought to allow "Husband the opportunity to rebuild his life

---

[1] ORS 19.415 was amended in 2009. Or Laws 2009, ch 231, § 2. The amendments apply to appeals in which the notice of appeal was filed on or after June 4, 2009. Or Laws 2009, ch 231, § 3. Because the notice of appeal in this case was filed before that date, we apply the 2007 version of ORS 19.415.

without the pressure of significant monthly debt[.]" The court distributed the marital assets and debts to the parties according to the general scheme that it described, finding that an equal division of the parties' property and debts would leave husband with a surplus of $10,337. That amount reflects both the excess that husband received under the court's property division and the payments that wife had made on post-separation debts that husband had incurred on joint accounts. However, the trial court also found that "[i]t is highly unlikely that Husband would or could pay the ever * * * equalizing judgment that the Court might otherwise consider entering against him to compensate Wife for the debt obligations she has paid." Accordingly, the court did not enter an equalizing judgment against husband.

 In her first assignment of error, wife argues that the trial court should have credited her in the property division with post-separation payments that she had made toward the mortgage on the family home. Pursuant to ORS 107.105(1)(f), the property division in a dissolution judgment must be just and equitable. Although subject to the trial court's discretion, an equal division of marital assets generally is a just and equitable disposition under ORS 107.105(1)(f). *Gibbons and Gibbons*, 194 Or App 257, 265, 94 P3d 879 (2004). Similarly, marital debt must be justly and equitably divided. *Shlitter and Shlitter*, 188 Or App 277, 283, 71 P3d 154 (2003). In dividing property, the court may consider the treatment and payment of marital debt, including a mortgage, by the parties between their separation and the dissolution of their marriage. *Cf. Gilbert-Walters and Walters*, 177 Or App 133, 139, 142, 33 P3d 709 (2001) (affirming trial court's unequal property division after considering wife's argument that various factors supported that division, including "the benefit Husband received by Wife paying the monthly mortgage after separation").

Here, the mortgage on the family home is a marital debt that must be accounted for in the property division. Husband did not pay toward the mortgage after the parties' separation, and, hence, wife paid both parties' share of that debt. To create a just and equitable property division, husband's lack of payment and the resulting burden on wife should be

addressed. *Cf. Gibbons*, 194 Or App at 260-61 (property division reimbursed husband for post-separation mortgage payments on family home). Accordingly, the property division should be modified to credit wife with $14,071.75, which reflects her post-separation payment of husband's portion of the $28,143.50 that she paid on the joint debt.

■ In her fifth assignment of error, wife contends that the trial court erred by awarding husband more than half of the marital estate. Although an award of the long half of the estate to a spouse is not an inherently improper division of property, *see, e.g.*, *Triperinas and Triperinas*, 185 Or App 283, 288, 296-97, 59 P3d 586 (2002) (upholding a long-half award to a spouse who was responsible for significant marital debts under the property division), such an award is not just and equitable here. As noted above, the trial court justified the unequal result of its property division by pointing to husband's inability to pay an equalizing judgment. However, any expressed concern regarding the financial hardship imposed by the property division can likely be ameliorated through the use of a qualified domestic relations order (QDRO) awarding a percentage of husband's Cascade Pension Trust Fund (trust), a marital asset, to wife, who is assuming the majority of the marital debts.

To accomplish a just and equitable property division, wife is entitled to an award of $14,071.75 for the mortgage payments, plus an additional $5,168.50 for husband's excess, or $19,240.25 total. The trial court found that the trust was worth $49,435. Accordingly, wife is entitled to 38.92 percent of the trust to equalize the property division.[2] We recognize that that percentage may have to be modified by the trial court on remand in light of any post-dissolution changes in the trust's value, such as post-dissolution disbursements made to husband, or, if the entry of a QDRO is not possible, that the court will then have to modify the judgment to give wife an equalizing judgment of $19,240.25.

General judgment of dissolution reversed and remanded with instructions to enter a QDRO consistent with

---

[2] That percentage reflects the ratio between the amount awarded to wife, $19,240.25, and the value of the trust, $49,435.

this opinion or, if that is not possible, to modify the judgment to award wife an equalizing judgment of $19,240.25. Supplemental judgment affirmed.